1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

9

10

| | |
|---|---|
| WASHINGTON STATE NURSES ASSOCIATION, *et al.*, | CASE NO. C22-0321-LK |
| Plaintiffs, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| MULTICARE HEALTH SYSTEMS, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Motion to Remand to State Court. Dkt. No. 15. For the reasons set forth below, the Court grants the motion.[1]

## I.      BACKGROUND

Defendant MultiCare Health Systems operates hospitals and clinics across the state of Washington. Dkt. No. 1-1 at 3. Plaintiffs Washington State Nurses Association, UFCW 3000, and SEIU Healthcare 1199NW (collectively, "the Unions") represent employees who work in various bargaining units at MultiCare's facilities. *Id.* at 2.

---

[1] Because this matter can be decided on the parties' filings, the Court denies the Unions' request for oral argument.

ORDER GRANTING MOTION TO REMAND - 1

1    Most of the background facts are laid out in the Court's prior order, Dkt. No. 22, and will

2    not be repeated here. In that order, the Court requested supplemental briefing from the parties

3    regarding two issues: (1) whether the Court will be required to interpret the collective bargaining

4    agreements ("CBAs") to resolve the Unions' claim under Washington Revised Code

5    § 49.52.050(2), and (2) whether the Unions will seek monetary relief for individual employees in

6    this litigation. *Id.* at 7. The parties timely filed their supplemental memoranda. Dkt. Nos. 23, 25,

7    and the Unions stated that they "will not seek monetary relief for individual employees in this

8    litigation." Dkt. No. 25 at 2.

9    With respect to the Court's other inquiry, the Unions filed a notice voluntarily dismissing

10   their claim for a declaratory judgment that MultiCare's deductions violated RCW 49.52.050(2).

11   Dkt. No. 24. Upon the filing of that notice, that claim was dismissed without prejudice because

12   MultiCare has not filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i).

13   Accordingly, resolution of the Unions' motion turns on whether the Court has jurisdiction over the

14   Unions' remaining claim.

15                          **II.    DISCUSSION**

16   **A.    Legal Standards for Removal**

17   28 U.S.C. § 1441 allows a defendant to remove an action filed in state court to federal

18   district court where the federal district court has original jurisdiction. Federal district courts "have

19   original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

20   States." 28 U.S.C. § 1331.

21   The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction,"

22   and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the

23   first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption'

24   against removal jurisdiction means that the defendant always has the burden of establishing that

1    removal is proper." *Id.* Doubts as to removability must be resolved in favor of remanding the case

2    to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). If

3    after removal it appears that the court lacks subject matter jurisdiction, the court must remand the

4    case. 28 U.S.C. § 1447(c).

5    **B.      Legal Standards for Section 301 Preemption**

6           The Unions argue that the Court lacks subject matter jurisdiction over this matter because

7    their complaint raises only state law claims and MultiCare cannot create grounds for removal by

8    raising a federal defense, including preemption. Dkt. No. 15 at 5–11. MultiCare counters that

9    removal was proper because Section 301 of the Labor Management Relations Act ("LMRA"), 29

10   U.S.C. § 185, is not merely a defense; it completely preempts the Unions' state law claims, creating

11   an independent basis for federal jurisdiction. Dkt. No. 19 at 2–10.

12          MultiCare is correct that if Section 301 preempts the Unions' claim, it creates a basis for

13   federal court jurisdiction. Section 301 provides that "[s]uits for violation of contracts between an

14   employer and a labor organization . . . may be brought in any district court of the United States."

15   29 U.S.C. § 185(a). Although Section 301 contains no express language of preemption, "the

16   Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform

17   body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v.

18   Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471

19   U.S. 202, 210 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). "Although

20   normally federal preemption is a defense that does not authorize removal to federal court, § 301

21   has such extraordinary pre-emptive power that it converts an ordinary state common law complaint

22   into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 1152

23   (cleaned up). Therefore, a complaint that asserts claims preempted by Section 301 "raises a federal

24   question that can be removed to a federal court." *Id.*

ORDER GRANTING MOTION TO REMAND - 3

1   The Ninth Circuit has articulated a two-step test to determine whether a cause of action is

2   preempted by the LMRA. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059–60 (9th Cir.

3   2007). First, "[i]f the right exists solely as a result of the CBA, then the claim is preempted, and

4   [the court's] analysis ends there." *Id.* at 1059. "Only if the claim is founded directly on rights

5   created by a collective-bargaining agreement does § 301 preempt it" under the first *Burnside*

6   inquiry. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (cleaned

7   up). Second, if "the right exists independently of the CBA, [the court] must still consider whether

8   it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such

9   dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed

10  under state law." *Burnside*, 491 F.3d at 1059–60 (cleaned up).

11  Resolution of whether a plaintiff's state law right is substantially dependent on analysis of

12  the CBA turns on "whether the claim can be resolved by looking to versus interpreting the CBA.

13  If the latter, the claim is preempted; if the former, it is not." *Kobold*, 832 F.3d at 1033 (cleaned

14  up). The "'term 'interpret' is "defined narrowly—it means something more than 'consider,' 'refer

15  to,' or 'apply.'" *Id.* (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108

16  (9th Cir. 2000)). Under that test, state law is preempted only where the complaint "necessarily

17  requires the court to interpret an existing provision of a CBA that can reasonably be said to be

18  relevant to the resolution of the dispute." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683,

19  693 (9th Cir. 2001) (en banc).

20  **C.    Jurisdiction Over the Unions' Remaining Claim**

21  The Unions argue that remand is required because removal on *Garmon* preemption[2]

22  grounds was improper and, in any case, the Unions' remaining claim does not require interpreting

23

24  [2] *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) (Federal courts "must defer" to the National Labor Relations Board" if "an activity is arguably subject to § 7 or § 8 of the [NLRA]").

ORDER GRANTING MOTION TO REMAND - 4

the CBAs. Dkt. No. 25 at 2–3. Although MultiCare argued in response to the Unions' now-withdrawn motion for a temporary restraining order that the Unions' claims are preempted under *Garmon*, Dkt. No. 6 at 11–13, MultiCare does not make that argument in its response to the Unions' motion to remand or in its supplemental memorandum, Dkt. Nos. 19, 23. Furthermore, MultiCare removed the case based on Section 301 preemption. Dkt. No. 1 at 2–3.[3] It asserts the same argument in response to the Unions' motion to remand: the Unions' claim is preempted by Section 301 under the second *Burnside* inquiry. Dkt. No. 19 at 4–7.  Therefore, the Court does not consider MultiCare's abandoned *Garmon* preemption argument.

       1.    <u>Preemption of the Unions' Section 296-126-030 Claim</u>

MultiCare contends that the Court must interpret the CBAs in order to resolve the Unions' claim under Section 296-126-030 of the Washington Administrative Code. Dkt. No. 19 at 4–5. That regulation allows an employer to recoup overpayments through paycheck deductions only if the alleged overpayments were "infrequent and inadvertent," Wash. Admin. Code 296-126-030(4), and the Unions contend that MultiCare's overpayments were neither, Dkt. No. 1-1 at 7–8. MultiCare argues that the Court must determine whether and to what extent "overpayments" occurred to resolve this claim—a task that would require interpretation of the CBAs. Dkt. No. 19 at 4–5.

But the Unions' claim is not so broad. They do not ask the Court to determine if overpayments occurred or the amount of those overpayments. Rather, they ask the Court to

---

[3] Section 301 preemption applies to claims that are either (1) founded directly on collective bargaining agreement rights or (2) substantially dependent on analysis of a collective bargaining agreement, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks and citations omitted), while *Garmon* preemption "forbids state and local regulation of activities that are protected by § 7 of the [NLRA], or constitute an unfair labor practice under § 8 [of the NLRA]," *Bldg. & Constr. Trades Council v. Assoc. Builders & Contractors of Mass.*, 507 U.S. 218, 224 (1993) (internal quotation marks and citation omitted). "In other words, Garmon preemption voids state-law claims, whereas section 301 preemption transmogrifies them into federal-law claims." *Jackson v. Teamsters Loc. Union 922*, 991 F. Supp. 2d 71, 81 (D.D.C. 2014).

1   determine only the legality of the *method* MultiCare has used—and intends to continue to use—to

2   recoup alleged overpayments. Dkt. No. 1-1 at 9; *see also* Dkt. No. 20 at 2 ("It is the unilateral

3   process of withholding wages that violates state law."). Because the wage overpayment regulation

4   sets time and manner restrictions on overpayment recoupment, and because MultiCare has already

5   implemented recoupment of alleged overpayments, the threshold question is whether the

6   regulatory restrictions prevent MultiCare from making paycheck deductions in the first place.

7   MultiCare does not dispute that it has recouped—and plans to recoup in the future—alleged

8   overpayments via paycheck deduction. *See* Dkt. No. 1 at 2; Dkt. No. 16-1 at 129–30. Thus, to

9   resolve the Unions' claim, the Court need only determine if the overpayments were "infrequent

10  and inadvertent." Wash. Admin. Code § 296-126-030(4) ("An employer can recover an

11  overpayment from an employee's paycheck provided the overpayment was infrequent and

12  inadvertent."). If not, the law prohibits MultiCare from recovering the overpayments from an

13  employee's paycheck. *Id.*

14          Where, as here, "the presence of the necessary elements of a state claim can be ascertained

15  without recourse to interpretation of the CBA, the state law remedy is not preempted." *Shane v.*

16  *Greyhound Lines, Inc.*, 868 F.2d 1057, 1062 (9th Cir. 1989); *see also Lingle*, 486 U.S. at 410

17  (explaining that "as long as the state-law claim can be resolved without interpreting the agreement

18  itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes."). Because the

19  Unions are seeking only injunctive and declaratory relief, the Court will not be required to interpret

20  the CBAs to resolve damages issues for specific employees. Dkt. No. 25 at 3–4; Dkt. No. 1-1 at 9

21  (seeking an injunction prohibiting further deductions and a declaratory judgment that "WAC 296-

22  126-030 does not permit Defendant to deduct money from employees' paychecks under the

23  circumstances presented here.").

24          For these reasons, the Unions' claim is not preempted.

1          2.      <u>Supplemental Jurisdiction</u>

2          The Court's conclusion that it does not have original jurisdiction over the Unions'

3  remaining claim does not end the inquiry, however. If the Court has supplemental jurisdiction over

4  that claim, its jurisdiction does not "'fall away'" because the Unions dismissed their federal claim.

5  *Westmark Emerald Pointe, LLC v. City of Burien*, No. C19-1821-RSM, 2020 WL 256133, at *1

6  (Jan. 17, 2020) (quoting *Hunt Skansie Land, LLC v. City of Gig Harbor*, No. C10-5027RBL, 2010

7  WL 2650502, at *3 (W.D. Wash. July 1, 2010)). Assuming that the Court had jurisdiction over

8  this action at the time of removal based on the Unions' claim under Section 49.52.050(2) of the

9  Revised Code of Washington, the Court would also have supplemental jurisdiction over the

10  Unions' claim under Section 296-126-030 because both claims arise from the same set of facts—

11  the alleged overpayments and recoupments—and they are "so related" that they form the same

12  case or controversy and would normally be tried together. 28 U.S.C. § 1367(a); *see also Trs. of*

13  *Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333

14  F.3d 923, 925 (9th Cir. 2003); *King v. Zak*, No. C16-0397JLR, 2016 WL 1579234, at *4 (W.D.

15  Wash. Apr. 20, 2016).

16          Even if the Court has supplemental jurisdiction over the remaining claim, it is not required

17  to exercise that jurisdiction. A district court's "decision whether to exercise that jurisdiction after

18  dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad*

19  *Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c)(3). In declining

20  jurisdiction under section 1367(c)(3), the Court "must first identify the dismissal that triggers the

21  exercise of discretion"—here, the Unions' voluntary dismissal of their statutory claim—"and then

22  explain how declining jurisdiction serves the objectives of economy, convenience and fairness to

23  the parties, and comity." *Trs. of Const. Indus.*, 333 F.3d at 925.

24

As the Supreme Court has observed, "in the usual case in which federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *accord Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th. Cir. 1997). That is the case here. *See, e.g.*, *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court did not abuse its discretion by declining to exercise supplemental jurisdiction over pendent state claims); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (same). This case is in its early stages. MultiCare has not yet filed an answer, no case schedule has been set, and the Court has not made any dispositive rulings. And the Unions filed for remand one day after MultiCare removed the case, so remand will not surprise the parties. Therefore, the judicial economy factor is neutral. *King*, 2016 WL 1579234, at *5. The convenience factor is also neutral because there do not appear to be any obstacles to remand. *Id.* The fairness factor weighs in favor of remand because the Unions filed their complaint in state court, Dkt. No. 1-1, and they have not engaged in bad faith tactics in seeking remand. *King*, 2016 WL 1579234, at *5 (noting that dismissing federal claims and seeking remand are not manipulative tactics). Furthermore, the parties have treated the Unions' claim under Section 296-126-030 as the primary claim in this case and only addressed the statutory claim once the Court requested supplemental briefing. Dkt. Nos. 2, 6, 15, 19, 20, 22–25.

Finally, the comity factor weighs in favor of remand. The Unions' remaining claim involves "[n]eedless decisions of state law" that the Court will avoid "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The factors weigh in favor of declining supplemental jurisdiction. Accordingly, the Court remands the Unions' claim to the King County Superior Court.

**D.      The Unions Are Not Entitled to Attorney's Fees or Costs**

The Unions seeks an award of attorney's fees and costs pursuant to 28 U.S.C. 1447(c) if their motion to remand is granted. The district court may, in its discretion, include in an order remanding a case an award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, MultiCare removed the case based on an objectively reasonable belief that the Unions' claims were preempted. The fact that the Unions subsequently dismissed one of those claims does not alter the analysis because the propriety of removal is determined at the time of removal. *See, e.g., Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

Moreover, the Court does not find, and the Unions do not identify, any unusual circumstances that would justify an award of attorney's fees. *Martin*, 546 U.S. at 141. Therefore, their request for an award of fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) is denied.

## III.      CONCLUSION

For the foregoing reasons, the Court GRANTS the Unions' motion to remand this case, Dkt. No. 15, DENIES their request for attorney's fees and costs, and REMANDS the Unions' state-law claim to King County Superior Court. The Court accordingly ORDERS that:

1.      Pursuant to 28 U.S.C. § 1367(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2.      Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County Washington;

3.      The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4.      The Clerk of the Court shall CLOSE this case.

Dated this 19th day of July, 2022.

Lauren King
United States District Judge